# EXHIBIT A

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER:** 22-06556

**Trial Court of Massachusetts**
**The Superior Court**
**COUNTY:** Suffolk Superior Court (Boston)

| | |
|---|---|
| **Plaintiff:** Zion Hunter | **Defendant:** City of Boston, By Maureen Feeney, Clerk |
| ADDRESS: 3404 Windsor Woods Lane, Canton, MA 02021 | ADDRESS: 1 City Hall Square, Suite 601, Boston, MA 02201 |
| **Plaintiff Attorney:** Joseph Borsellino, Esq. | **Defendant:** Commonwealth of Massachusetts, By Office of the Attorn |
| ADDRESS: 515 Providence Highway, Suite 103, Dedham, MA 02026 | ADDRESS: 1 Ashburton Place, 18th Floor, Boston, MA 02108 |
| (781) 329 - 9500 ; joe@d-blaw.com | |
| BBO: 551192 | |
| **Plaintiff Attorney:** | **Defendant:** Eddy Crispin, Individually and in his capacity as a Boston Officer |
| ADDRESS: | ADDRESS: 139 Windham Road, Hyde Park, MA 02136 |
| BBO: | |
| **Plaintiff Attorney:** | **Defendant:** Brian Berry, Individually and in his capacity as a Massach Police Trooper |
| ADDRESS: | ADDRESS: 5 Collins Drive, Avon, MA 02322 |
| BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | MA Tort Claim and Excessive Force | A | ● YES ○ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? ○ YES ● NO
Is there a class action under Mass. R. Civ. P. 23? ○ YES ● NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money dam For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses ........................ $2,000.00
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below) ........................ $5,000.00
    Dental

  Subtotal (1-5): $7,000.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $7,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Broken teeth, lacerations and abrasions, traumatic injury throughout body, traumatic emotional distress.

## CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

[Add Claim] [Delete C]

Signature of Attorney/Unrepresented Plaintiff: X  /s/ Joseph C. Borsellis    Date: 3/22/2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

N/A

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute reso

Signature of Attorney/Unrepresented Plaintiff: X  /s/ Joseph C. Borsellis    Date: 3/22/2022

SC0001: 1/22/2021                             www.mass.gov/courts                         Date/Time Printed:09-28-2021 1

[Save as PDF]                                                                                                [Reset F]

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. (A)

### CN Contract/Business Cases

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Proprietary Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws (A)
- A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c. 231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
- B04 Other Negligence - Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice - Medical (A)
- B07 Malpractice - Other (A)
- B08 Wrongful Death - Non-medical (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury - Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

- S01 Summary Process - Residential (X)
- S02 Summary Process - Commercial/ Non-residential (F)

### RP Real Property

- C01 Land Taking
- C02 Zoning Appeal, G.L. c. 40A
- C03 Dispute Concerning Title
- C04 Foreclosure of a Mortgage
- C05 Condominium Lien & Charges
- C99 Other Real Property Action

### MC Miscellaneous Civil Actions

- E18 Foreign Discovery Proceeding
- E97 Prisoner Habeas Corpus
- E22 Lottery Assignment, G.L. c. 10, § 28

### AB Abuse/Harassment Prevention

- E15 Abuse Prevention Petition, G.L. c. 209A
- E21 Protection from Harassment, G.L. c. 258

### AA Administrative Civil Actions

- E02 Appeal from Administrative Agency, G.L. c. 30A
- E03 Certiorari Action, G.L. c. 249, § 4
- E05 Confirmation of Arbitration Awards
- E06 Mass Antitrust Act, G.L. c. 93, § 9
- E07 Mass Antitrust Act, G.L. c. 93, § 8
- E08 Appointment of a Receiver
- E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A
- E10 Summary Process Appeal
- E11 Worker's Compensation
- E16 Auto Surcharge Appeal
- E17 Civil Rights Act, G.L. c.12, § 11H
- E24 Appeal from District Court Commitment, G.L. c.123, § 9(b)
- E25 Pleural Registry (Asbestos cases)
- E94 Forfeiture, G.L. c. 265, § 56
- E95 Forfeiture, G.L. c. 94C, § 47
- E99 Other Administrative Action
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B
- Z02 Appeal Bond Denial

### SO Sex Offender Review

- E12 SDP Commitment, G.L. c. 123A, § 12
- E14 SDP Petition, G.L. c. 123A, § 9(b)

### RC Restricted Civil Actions

- E19 Sex Offender Registry, G.L. c. 6, § 178M
- E27 Minor Seeking Consent, G.L. c.112, § 1

TRANSFER YOUR SELECTION TO THE FACE SHEET

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**　　　　　　　　　　　　　　**SUPERIOR COURT**
　　　　　　　　　　　　　　　　　　　　　　C.A. # 22-0655G

---

ZION HUNTER,
　　Plaintiff

v.

CITY OF BOSTON, EDDY CRISPIN,
Individually and in his capacity as a
police officer for the Boston Police Department,
COMMONWEALTH OF MASSACHUSETTS,
BRIAN BERRY, individually and in his capacity
as a state trooper for the Massachusetts State Police,
　　Defendants

---

# COMPLAINT

## THE PARTIES

1. The plaintiff, Zion Hunter is a black male who resides in the town of Canton, Commonwealth of Massachusetts.

2. The Defendant, City of Boston is a municipality duly organized and existing under the laws of the Commonwealth of Massachusetts.

3. The Defendant, Eddy Crispin is a an employee of the City of Boston and serves as a police officer of the Boston Police Department who resides at 139 Windham Road, Hyde Park, Commonwealth of Massachusetts.

4. The Defendant, Commonwealth of Massachusetts is a duly organized state and existing under the laws of the United States of America.

5. The Defendant, Brian Berry is an employee of the Commonwealth of Massachusetts and serves as a police officer of the Massachusetts State Police who resides at 5 Collins Drive, Avon, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

6. On May 30, 2020, the Defendants, City of Boston and Commonwealth of Massachusetts, including one Boston Police officer and one State trooper negligently and/or intentionally caused a collision between a state police cruiser and the plaintiff, Zion Hunter, who was merely riding a moped to enjoy a summer day in Franklin Park, Boston, MA.

7. Both departments were dispatched to Franklin Park following an apparent false and racially motivated 911 call in which a white adult male alleged that a black male was threatening him with a gun wherein

said male was acting to damage black males who routinely rode mopeds in the park because it bothered his dogs.

8. The white male specifically alleged that the "armed" black male was wearing a "white beater" t-shirt and operating a blue and yellow cycle.

9. The white male deliberately did not use his own phone but sought out the phones of other park visitors to call 911.

10. The white male fled the scene as police were arriving in disregard of police instructions that he remain where he was to verify his report.

11. An independent female park visitor observed the above described misconduct of the white male 911 caller, who attempted also to solicit her phone, and immediately called 911 and reported his false call.

12. Zion Hunter was a 19 year old black male who was not involved in any of the above described events and who had just entered Franklin Park after their occurrence to enjoy a summer day on a moped.

13. Both Mr. Hunter's clothing and his moped did not match the description of the 911 caller.

14. The Boston Police officers and State troopers nonetheless aggressively pursued and attempted to seize Zion Hunter because he was black and riding a moped; Eddy Crispin an officer employed by the Boston Police and Brian Berry a trooper employed by the State Police moved their vehicles directly in front of Mr. Hunter's moving cycle to stop him and caused a serious collision.

15. Mr. Hunter was catapulted from his moped onto the hard pavement of the parking lot behind the Franklin Park Zoo and he suffered broken teeth, injury throughout his body and psychological and emotional injury; he was removed from the scene by ambulance to the hospital.

16. The Boston Police and the State Police then engaged in a corrupt cover up of their negligence, excessive force and police misconduct.

17. The Defendants first spoliated all footage from the police's own large, blue and white Emergency pole camera positioned in front and in line of the accident site to have recorded the police vehicles causing injury to Mr. Hunter.

18. The Emergency pole camera footage was the best and most important evidence any legitimate police investigation would and should have secured and preserved immediately.

19. The Boston Police falsely claimed that their Emergency police camera was a private camera and therefore that the police could not preserve the footage; the camera was at all times a police camera.

20. The Boston and State Police proceeded to also spoliate the next best evidence, the identities and contact information of every percipient and independent witness (except the 911 callers) who reported their first-hand observations to the police and verified that the Boston and State Police employees caused the injury to Mr. Hunter.

21. Successive FOIA demands and Appeals to the Supervisor of Public Records compelled body camera videos which plainly proved the presence of said independent witnesses and the statements they made to police including officers who were using note pads to make it appear to the public that they were conducting interviews and an investigation when they had no intention of preserving the evidence of witnesses unfavorable to the police and/or destroyed same.

22. All police body camera offered by the police offered footage of the scene limited only to events *after* Mr. Hunter was injured.

23. Both police departments completed their corrupt cover up by authoring self-serving reports which made it appear that the pole camera and

independent witnesses never existed and stated that Mr. Hunter caused all damages and that he would be charged for same.

24. Mr. Hunter provided all of the objective evidence detailed in this Complaint to the Internal Affairs Departments of the Boston Police and Massachusetts State Police on June 16, 2021 and both departments have failed to provide any finding to Mr. Hunter up to the date of filing of this Complaint, furthering the cover up and distrust of the police.

25. By this civil action, Plaintiff Zion Hunter seeks redress against the Defendants, Commonwealth of Massachusetts and the City of Boston for negligence under the MTCA and redress against the Defendants, Eddy Chrispin and Brian Berry for assault and battery and for violations of his rights under the Fourth Amendment to the U.S. Constitution pursuant to 42 U.S.C. Section 1983.

## JURISDICTION AND VENUE

26. Pursuant to MGL C. 258, Section 4, presentment of Mr. Hunter's Massachusetts Tort Claim Act negligence claims against the Defendants, City of Boston and Commonwealth of Massachusetts were properly served upon the Defendants as required by statute on May 27, 2021.

27. More than six (6) months expired during which time the public defendants failed to engage or effect resolution of this matter.

28. This Court has personal jurisdiction over the Defendant, City of Boston, a municipality within Suffolk County, and the Defendant, Eddy Crispin who resides in Suffolk County.

29. The Court has concurrent jurisdiction over the 42 U.S.C. Section 1983 claims. *Martinez v. California,* 444 U.S. 277, 283 – 85 (1980)

## CAUSES OF ACTION

I  **NEGLIGENCE AGAINST THE DEFENDANT, CITY OF BOSTON**

30. Mr. Hunter realleges and incorporates each and every allegation contained in the preceding paragraphs.

31. This action is against the City of Boston for negligence which proximately caused personal injury, pain and suffering, emotional and psychological distress and damage to the plaintiff.

32. The City of Boston and its employee(s) were negligent in the operation of a police vehicle and the City of Boston was negligent in its training and supervision of its employees in the proper manner of conducting a police investigation and pursuit and in the use of motor vehicles to do so including when the same involves a young black male.

II  **NEGLIGENCE AGAINST THE DEFENDANT, COMMONWEALTH OF MASSACHUSETTS**

33. Mr. Hunter realleges and incorporates each and every allegation contained in the preceding paragraphs.

34. This action is against the Commonwealth of Massachusetts for negligence which proximately caused personal injury, pain and suffering, emotional and psychological distress and damage to the plaintiff.

35. The Commonwealth of Massachusetts and its employee(s) were negligent in the operation of a police vehicle and the Commonwealth of Massachusetts was negligent in its training and supervision of its employees in the proper manner of conducting a police investigation and pursuit and in the use of motor vehicles to do so including when the same involves a young black male.

III    ASSAULT AND BATTERY AGAINST THE DEFENDANT, EDDY CHRISPIN

36. Mr. Hunter realleges and incorporates each and every allegation contained in the preceding paragraphs.

37. By using excessive and unjustified force against Mr. Hunter, Defendants, Chrispin and Berry, jointly and in concert, intentionally and without justification or excuse proximately caused Mr. Hunter to suffer personal injury, pain and suffering, emotional and psychological distress and damage.

IV    ASSAULT AND BATTERY AGAINST THE DEFENDANT, BRIAN BERRY

38. Mr. Hunter realleges and incorporates each and every allegation contained in the preceding paragraphs.

39. By using excessive and unjustified force against Mr. Hunter, Defendants, Berry and Chrispin, jointly and in concert, intentionally and without justification or excuse proximately caused Mr. Hunter to suffer personal injury, pain and suffering, emotional and psychological distress and damage.

## V  VIOLATION OF THE FOURTH AMENDMENT: EXCESSIVE FORCE PURSUANT TO 42 U.S.C. SECTION 1983 AGAINST EDDY CHRISPIN

40. Mr. Hunter realleges and incorporates each and every allegation contained in the preceding paragraphs.

41. At all times, Defendants, Chrispin and Berry were employed by the City of Boston and the Commonwealth of Massachusetts respectively and acted "under color of state law" within the meaning of 42 U.S.C. Section 1983.

42. In seizing and causing a collision with Mr. Hunter by using their police vehicles as weapons, Defendants, Chrispin and Berry jointly and in concert used excessive force and unreasonable force against him.

43. By using excessive and unreasonable force against Mr. Hunter, Defendants, Chrispin and Berry deprived Mr. Hunter of his clearly established rights under the Fourth Amendment to be free from excessive and unreasonable force.

44. As a result of the excessive and unreasonable force the Defendants, Chrispin and Berry used, covered up by the corrupt destruction of police camera footage of the cause of the damage and the identities and contact information of independent witnesses unfavorable to the police,

   Mr. Hunter suffered personal injury, pain and suffering, emotional and psychological distress and damage.

## VI   VIOLATION OF THE FOURTH AMENDMENT: EXCESSIVE FORCE PURSUANT TO 42 U.S.C. SECTION 1983 AGAINST BRIAN BERRY

45. Mr. Hunter realleges and incorporates each and every allegation contained in the preceding paragraphs.

46. At all times, Defendants, Berry and Chrispin were employed by the Commonwealth of Massachusetts and the City of Boston respectively and acted "under color of state law" within the meaning of 42 U.S.C. Section 1983.

47. In seizing and causing a collision with Mr. Hunter by using their police vehicles as weapons, Defendants, Berry and Chrispin jointly and in concert used excessive force and unreasonable force against him.

48. By using excessive and unreasonable force against Mr. Hunter, Defendants, Berry and Chrispin deprived Mr. Hunter of his clearly established rights under the Fourth Amendment to be free from excessive and unreasonable force.

49. As a result of the excessive and unreasonable force the Defendants, Berry and Chrispin used, covered up by the corrupt destruction of police camera footage of the cause of the damage and the identities and contact information of independent witnesses unfavorable to the police, Mr. Hunter suffered personal injury, pain and suffering, emotional and psychological distress and damage.

WHEREFORE, Mr. Hunter requests that this Court:

A. Enter severe evidentiary sanctions against the Defendants up to and including entry of Default for the corrupt spoliation and destruction of evidence;

B. Award compensatory damages against all Defendants;

C. Award punitive damages against the Defendants, Chrispin and Berry;

D. Award the costs of this action, including reasonable attorney fees; and,

E. Award such other relief as this Court may deem necessary and appropriate.

F.

## JURY DEMAND

Mr. Hunter demands a jury trial on all counts so triable.

Respectfully submitted, ZION HUNTER

By his attorney,

*Joseph C. Borsellino*

Joseph C. Borsellino, Esq.

Law Office of Joseph C. Borsellino, LLC

515 Providence Highway, Suite 103

Dedham, MA 02026

(781) 329 – 9500; joe@d-blaw.com

BBO # 551192

Dated: 3/22/2022