UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZION HUNTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF BOSTON, EDDY CHRISPIN, ) <br> BRIAN BERRY, and COMMONWEALTH ) <br> OF MASSACHUSETTS, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 22-10549-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND**

**SAYLOR, C.J.**

**I.   Background**

This is a dispute arising out of an automobile collision involving the police.  The complaint alleges that plaintiff Zion Hunter was riding his moped through Franklin Park in Boston when defendant police officers, Eddy Chrispin and Brian Kelley, attempted to stop him.[1] (*See* Compl. ¶¶ 6-14).  According to the complaint, Chrispin and Kelley drove their cruisers directly in front of Hunter to effect the stop.  (Compl. ¶ 15).  Hunter was injured in the resulting collision.  (*Id.*).

Hunter thereafter filed suit in state court on March 25, 2022.  (*See* Notice of Removal). The complaint alleges the following six counts:  (1) a claim of negligence against the City of Boston; (2) a claim of negligence against the Commonwealth of Massachusetts; (3) a claim of

---

[1] The complaint alleges that Chrispin is a Boston Police officer and that Kelley is a Massachusetts State Police officer. (Compl. ¶¶ 3, 5).

assault and battery against Chrispin; (4) a claim of assault and battery against Kelley; (5) a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment against Chrispin; and (6) a claim under § 1983 for excessive force against Kelley.

On April 13, the City of Boston removed the case to federal court.  The Commonwealth of Massachusetts did not consent to the removal.  On May 11, plaintiff filed a motion to remand.

For the foregoing reasons, the claim against the Commonwealth will be severed and remanded, and the motion to remand will be otherwise denied.

**II.**     **Analysis**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  The original jurisdiction of a district court includes "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Here, the parties do not dispute that plaintiff's claims under § 1983 fall within the Court's federal-question jurisdiction.  Nor do the parties dispute that the state-law claims against the officers and the City of Boston fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

However, the state-law claim against the Commonwealth is not within the Court's jurisdiction.  "As a general matter, states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent."  *Wojcik v. Massachusetts State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002) (internal quotations omitted).  *See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has

overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought."). The Eleventh Amendment has two exceptions: "First, Congress may abrogate a State's immunity by expressly authorizing such a suit pursuant to a valid exercise of power. Second, a State may waive its sovereign immunity by consenting to be sued in federal court." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) (internal citations omitted). Eleventh Amendment immunity is jurisdictional in nature, and "absent waiver, neither a State nor its agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Neither of the exceptions to sovereign immunity apply here. Although the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, allows suits against the Commonwealth in state court, it does not waive the Commonwealth's right to immunity in federal court. *Ayala v. Dunne*, 541 F. Supp. 3d 119, 124 (D. Mass. 2021).

Plaintiff contends that the entire action should be remanded because removal was improper under 28 U.S.C. § 1446(b)(2)(A), which provides that "[w]hen a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, the Commonwealth did not consent to removal. Nevertheless, plaintiff's contention is unavailing.

The issue is clearly resolved by 28 U.S.C. § 1441(c), which provides:

(1) If a civil action includes—

>  (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

>  (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

3

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

The claims arising under § 1983, therefore, rendered the entire action removable without the Commonwealth's consent. However, as §1441(c)(2) requires, the Court must remand the state-law claim against the Commonwealth for further proceedings.

Plaintiff relies upon *McConnell v. Fernandes*, 2003 WL 23019183 (D. Mass. Dec. 29, 2003) for the proposition that a case should be remanded when a defendant fails to consent to removal. There, the court remanded plaintiff's case in its entirety, including claims arising under § 1983, because the Commonwealth did not consent to removal of the action to federal court. However, *McConnell* was decided before the promulgation of the current version of § 1441(c), which clearly addresses the issue.

Accordingly, the Court finds that removal was proper, and Count 2 will be severed and remanded. The remaining claims, which include two federal claims under § 1983, will remain pending in this Court.

## III.   Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED as to Count 2, and otherwise DENIED.[2] The claim against the Commonwealth of Massachusetts, as set forth in Count 2, is hereby severed from the remaining claims and remanded to the Superior Court.

---

[2] The Commonwealth also filed a motion for remand that sought remand or dismissal of Count 2 on the ground that the Commonwealth was immune from suit pursuant to the Eleventh Amendment. This order resolves that issue, thereby mooting the Commonwealth's motion.

**So Ordered.**

                                                /s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated: June 8, 2022                                        Chief Judge, United States District Court