UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZION HUNTER<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF BOSTON, EDDY CHRISPIN<br>Individually and in his capacity as a<br>Police officer for the Boston Police Department,<br>COMMONWEALTH OF MASSACHUSETTS,<br>BRIAN BERRY, Individually and in his<br>Capacity as a state trooper for the<br>Massachusetts State Police,<br>    *Defendants*, | CA #: 1:22-CV-10549-FDS |

**DEFENDANT MASSACHUSETTS STATE TROOPER BRIAN
BERRY'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, Trooper Brian Berry, only (hereinafter the "Defendant"), who states, in Answer to the Plaintiff's Complaint and demand for jury trial, as follows:

## **PARTIES**

1. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 1.

2. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 2.

3. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 3.

4. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 4.

5. The Defendant admits the allegations contained in paragraph 6 to the extent that he is an employee of the Commonwealth of Massachusetts and serves as a Trooper for the Massachusetts State Police.

## **FACTS**

6. The Defendant denies the allegations contained in paragraph 6, and Plaintiff is called upon to prove the same.

7. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 7.

8. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 8.

9. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 9.

10. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 10.

11. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 11.

12. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 12.

13. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 13.

14. The Defendant denies the allegations contained in paragraph 14, and Plaintiff is called upon to prove the same.

15. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 15.

16. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 16.

17. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 17.

18. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 18.

19. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 19.

20. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 20.

21. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 21.

22. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 22.

23. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 23.

24. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 24.

25. The Defendant denies paragraph 25 to the extent that he denies the allegation of assault and battery and the alleged violations of 42 U.S.C. §1983. The Defendant is without sufficient information which would allow him to admit or deny the remaining allegations contained in paragraph 25.

26. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 26.

27. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 27.

28. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 28.

29. Paragraph 29 calls for a legal conclusion to which no response is required.  To the extent a response is required, the Defendant is without sufficient information which would allow him to admit or deny the allegations.

## COUNT I
## NEGLIGENCE AGAINST THE CITY OF BOSTON

30. The Defendant repeats his responses to Paragraphs 1-29 above and incorporates them herein by reference.

31. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 31.

32. he Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 32.

## COUNT II
## NEGLIGENSE AGAINST THE COMMONWEALTH OF MASSACHUSETTS

33. The Defendant repeats his responses to Paragraphs 1-32 above and incorporates them herein by reference.

34. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 34.

35. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 35.

## COUNT III
## ASSAULT AND BATTERY AGAINST DEFENDANT, EDDY CRISPIN

36. The Defendant repeats his responses to Paragraphs 1-35 above and incorporates them herein by reference.

37. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 37.

## COUNT IV
## ASSAULT AND BATTERY AGAINST DEFENDANT, BRIAN BERRY

38. The Defendant repeats his responses to Paragraphs 1-37 above and incorporates them herein by reference.

39. The Defendant denies the allegations contained in paragraph 39, and Plaintiff is called upon to prove the same.

## COUNT V
## VIOLATION OF 42 U.S.C. §1983 AGAINST EDDY CRISPIN

40. The Defendant repeats his responses to Paragraphs 1-39 above and incorporates them herein by reference.

41. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 41.

42. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 42.

43. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 43.

44. The Defendant is without sufficient information which would allow him to admit or deny the allegations contained in paragraph 44.

## COUNT VI
## VIOLATION OF 42 U.S.C. §1983 AGAINST BRIAN BERRY

45. The Defendant repeats his responses to Paragraphs 1 – 44 above and incorporates them herein by reference.

46. The Defendant admits to the extent that he was employed by the Commonwealth of Massachusetts, but he is without sufficient information which would allow him to admit or deny the remaining allegations contained in paragraph 46.

47. The Defendant denies the allegations contained in paragraph 47, and Plaintiff is called upon to prove the same.

48. The Defendant denies the allegations contained in paragraph 48, and Plaintiff is called upon to prove the same.

49. The Defendant denies the allegations contained in paragraph 49, and Plaintiff is called upon to prove the same.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
The Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly in violation of Plaintiff's rights at the time they were committed.

### Second Affirmative Defense
Any damage incurred by the Plaintiffs as alleged in the complaint was the result of their own intentional and illegal conduct and they are, therefore, barred from recovery.

### Third Affirmative Defense
By way of affirmative defense, the Defendant says he was justified in his conduct and acts and is therefore not liable to the Plaintiff as alleged in the complaint.

### Fourth Affirmative Defense
By way of affirmative defense, the Defendant says he was justified in his conduct and acts and therefore the Plaintiff cannot recover.

### Fifth Affirmative Defense
By way of affirmative defense, the Defendant says that his actions and conduct were performed according to and protected by law and/or legal process, and therefore the Plaintiff cannot recover.

Sixth Affirmative Defense

By way of affirmative defense, the Defendant says that if the Plaintiff suffered the injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

Seventh Affirmative Defense

The Plaintiff's Complaint against Defendant is frivolous, without basis in fact and not advanced in good faith. The Defendant is therefore entitled to attorney's fees, costs, and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. s. 1983.

Eighth Affirmative Defense

Plaintiff failed to state a cause of action under 42 U.S.C. s. 1983 because the Plaintiff has suffered no deprivation of due process in that law affords the Plaintiffs an adequate remedy.

Ninth Affirmative Defense

The injuries and damage claimed by the Plaintiff were caused, in whole or in part, by the Plaintiff's own negligence, such that any recovery must be reduced in a manner proportional to that degree of negligence.

Tenth Affirmative Defense

The injuries and damages claimed by the Plaintiffs were caused, in whole or in part, by the Plaintiff's own negligence, and that negligence of the Plaintiff was equal or greater than any negligence allegedly caused by the Defendant, such that any recovery for the Plaintiff is barred.

Eleventh Affirmative Defense

To the extent that the Plaintiff's Complaint advances any claim regarding negligence, the Defendant is immune pursuant to M.G.L. c. 258, s. 2.

Twelfth Affirmative Defense

The activities of the Defendant alleged in the Plaintiff's Complaint do not rise to the level of Constitutional deprivations under 42 U.S.C. s. 1983, therefore this Court lacks subject matter jurisdiction.

Thirteenth Affirmative Defense

By way of affirmative defense, the Defendant says that the Complaint fails to state a claim under 42 U.S.C. s. 1983 against him, as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution and further that no violation of any federal or constitutional right has been plead with the requisite particularity, and counts purporting to allege such violation must, therefore, be dismissed.

## DEFENDANT'S DEMAND FOR RELIEF

WHEREFORE, DEFENDANT BERRY DEMANDS THAT ALL COUNTS OF THIS COMPLAINT BE DISMISSED BY THE COURT AND THAT HE BE AWARDED REASONABLE COSTS.

## DEMAND FOR JURY TRIAL

DEFENDANT BERRY DEMANDS A TRIAL BY JURY ON ALL ISSUES, WHERE ALLOWED BY LAW.

## DEMAND FOR ATTORNEY'S FEES AND COSTS

DEFENDANT BERRY DEMANDS REASONABLE COSTS AND ATTORNEYS' FEES, SHOULD HE PREVAIL IN THIS ACTION.

Respectfully submitted,

For Defendant Massachusetts State Trooper Ryan Berry, in his Professional Capacity and Personal Capacity,
By his attorney,

/s/ Mark A. Russell
Daniel J. Moynihan (BBO# 546346)
*moynihanlaw@verizon.net*
Mark A. Russell (BBO# 568943)
*attyrussell.moynihanlaw@gmail.com*
Law Office of Daniel J. Moynihan, PC
271 Main Street, Suite 302
Stoneham, MA  02180
(781) 438-8800

## CERTIFICATE OF SERVICE

I, Mark A. Russell, hereby certify that this document, ***Defendant Massachusetts State Trooper Brian Berry's Answer to Plaintiff's Complaint and Demand for Jury Trial***, filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on June 27, 2022.

/s/ Mark A. Russell