UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZION HUNTER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 22-10549-FDS |
| v. ) | |
| ) | |
| CITY OF BOSTON, EDDY CHRISPIN, ) | |
| and BRIAN BERRY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON
CITY OF BOSTON'S MOTION TO DISMISS**

**SAYLOR, C.J.**

This is a dispute arising out of an automobile collision involving the police. The complaint alleges that plaintiff Zion Hunter was riding his moped through Franklin Park in Boston when defendant police officers, Eddy Chrispin and Brian Berry, attempted to stop him. According to the complaint, Chrispin and Berry deliberately drove their cruisers directly in front of Hunter to effect the stop, and Hunter was injured in the resulting collision. As relevant here, Hunter has filed suit, asserting claims of assault and battery against the two officers, claims under 42 U.S.C. § 1983 for excessive force against the two officers, and a negligence claim against the City of Boston.

The City has moved to dismiss the negligence claim against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the motion to dismiss will be granted.

I.     **Background**

    A.     **Factual Background**

The following facts are set forth as alleged in the complaint.

        1.     **The Parties**

Zion Hunter is a Massachusetts resident. (Compl. ¶ 1). At the time of the collision, he was 19 years old. (*Id.* ¶ 12).

Eddy Chrispin is a Massachusetts resident and a Boston Police officer. (*Id.* ¶ 3). Brian Berry is a Massachusetts resident and a Massachusetts State Police officer. (*Id.* ¶ 5).

The City of Boston is a municipality duly organized and existing under the laws of the Commonwealth of Massachusetts. (*Id.* ¶ 2).

        2.     **The Collision**

According to the complaint, on May 30, 2020, a white male made a "false and racially motivated 911 call in which [he] alleged that a black male was threatening him with a gun" in Franklin Park in Boston, Massachusetts. (*Id.* ¶¶ 6-7).[1] The 911 caller stated that the man was wearing a white shirt and driving a blue and yellow motorbike. (*See id.* ¶ 8).[2] The Boston Police Department and the Massachusetts State Police each dispatched a law enforcement officer to the park. (*Id.* ¶ 7).

Hunter, who was not the subject of the 911 call, subsequently entered the park "to enjoy a summer day on a moped." (*Id.* ¶ 12). Neither his clothing nor his moped matched the description given by the 911 caller. (*Id.* ¶ 13). Nonetheless, the complaint asserts, the officers

---

[1] The complaint asserts that "[a]n independent female park visitor observed the . . . misconduct of the white male 911 caller . . . and immediately called 911 and reported his false call." (*Id.* ¶ 11).

[2] There appear to be some discrepancies in the record as to whether it was a moped, a dirt bike, or some other form of motorbike. The issue need not be resolved at this stage.

2

"aggressively pursued and attempted to seize [him] because he was black and riding a moped." (*Id.* ¶ 14). According to the complaint, Chrispin and Berry "moved their vehicles directly in front of [his] moving cycle to stop him and caused a serious collision." (*Id.*). Hunter, who was injured, was taken by ambulance to a hospital. (*Id.* ¶ 15).

According to the complaint, the Boston Police Department and the State Police "then engaged in a corrupt cover up" of their actions. (*Id.* ¶ 16).

### B. Procedural Background

Plaintiff filed suit in state court on March 25, 2022. (*See* Notice of Removal). The complaint alleges the following six counts: (1) a claim of negligence against the City; (2) a claim of negligence against the Commonwealth of Massachusetts; (3) a claim of assault and battery against Chrispin; (4) a claim of assault and battery against Berry; (5) a claim under 42 U.S.C. § 1983 for excessive force against Chrispin; and (6) a claim under § 1983 for excessive force against Berry.

On April 13, 2022, the City removed the case to federal court.[3] The City thereafter moved to dismiss the negligence claim against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Standard of Review

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555

---

[3] On June 8, 2022, the Court severed and remanded the claim against the Commonwealth of Massachusetts to the Superior Court.

(citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences.  *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III. Analysis

#### A. Count 1: Negligence

The City has moved to dismiss the sole count against it, contending that the complaint does not adequately plead (1) negligent operation of a motor vehicle or (2) negligent training or supervision.  In addition, the City contends that plaintiff failed to properly present his negligent training or supervision claim as required under Mass. Gen. Laws ch. 258, § 4.

Because plaintiff "has agreed to the dismissal of the training and supervision portion of the negligence count," the Court will address only the City's arguments with respect to whether the complaint adequately pleads negligent operation of a motor vehicle.  (*See* Pl.'s Opp. to Def.'s Mot. Dismiss at 12).  In addition, and for the same reason, the Court need not decide the presentment issue.

##### 1. The Massachusetts Tort Claims Act

"Under Massachusetts law, public employees are immune from suit for negligent acts performed within the scope of their official duties." *Roberts v. Town of Bridgewater*, 2015 WL

4550783, at *3 (D. Mass. July 28, 2015) (citing Mass. Gen. Laws ch. 258, § 2; *Breault v. Chairman of Bd. of Fire Comm'rs of Springfield*, 401 Mass. 26, 35 (1987)). "Instead, public employers maintain liability for the negligent acts of public employees committed within the scope of their employment." *Id.* (citing Mass. Gen. Laws ch. 258, § 2; *Parker v. Chief Just. for Admin. & Mgmt. of Trial Ct.*, 67 Mass. App. Ct. 174, 178 (2006)). A public employer is not liable, however, for the intentional torts of its employees. *See* Mass. Gen. Laws ch. 258, § 10(c) (Massachusetts Tort Claims Act does not apply to "any claim arising out of an intentional tort, including assault, battery . . ."); *see also MacLean v. Delinsky*, 407 Mass. 869, 878 n.6 (1990) (same).

"The issue, then, is whether [plaintiff's] negligence claim arises out of an intentional tort allegedly committed by [the officers] or whether the claim arises out of negligent and wrongful conduct." *See Roberts*, 2015 WL 4550783, at *3. Here, the complaint asserts that the officers "aggressively pursued and attempted to seize [plaintiff] because he was black and riding a moped." (Compl. ¶ 14). The complaint further contends that they "moved their vehicles directly in front of [plaintiff's] moving cycle to stop him and caused a serious collision." (*Id.*). Thus, according to the complaint, the officers "negligently and/or intentionally caused a collision between a state police cruiser and the plaintiff." (*Id.* ¶ 6; *see also id.* ¶ 32 ("The City of Boston and its employee(s) were negligent in the operation of a police vehicle . . . .")).

Assertions that the officers acted negligently, however, "simply have no force where the individual charges against [the officers] eschew any suggestion of negligence and allege only intentional torts." *See Milcent v. City of Boston*, 2016 WL 845303, at *4 (D. Mass. Feb. 29, 2016). Here, Counts 3 and 4—which assert claims of assault and battery—contend that "[b]y using excessive and unjustified force," the officers "*intentionally* . . . caused [plaintiff] to suffer

5

personal injury, pain and suffering, emotional and psychological distress and damage." (Compl. ¶¶ 37, 39 (emphasis added)). Similarly, Counts 5 and 6—which assert claims of excessive force in violation of § 1983—contend that the officers were "using their police vehicles *as weapons*." (*Id.* ¶¶ 42, 47 (emphasis added)).

"Against this backdrop, [plaintiff's] claim . . . must fail because [he] unquestionably alleges that [the officers] acted intentionally, not negligently, and [he] cannot seek to hold the City vicariously liable for an employee's intentional conduct by summarily relabeling it as negligent." *See Milcent*, 2016 WL 845303, at *4; *see also Weiss v. Lavallee*, 2006 WL 8458637, at *4 (D. Mass. Feb. 15, 2006) ("A contrary holding would permit a plaintiff to circumvent the § 10(c) exclusion simply by adding the magic word 'negligence' to what is, in substance, an intentional tort claim.").[4] Accordingly, and for the reasons set forth above, the complaint pleads claims of intentional tort, not negligence, and the claim against the City will therefore be dismissed.

**IV.   Conclusion**

For the foregoing reasons, the City's motion to dismiss Count 1 is GRANTED.

**So Ordered.**

Dated:  February 21, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[4] "While the [City] cannot be liable for negligence based on the alleged assault and battery that resulted in [plaintiff's] injury, it may be found liable for its own negligence in failing to train or supervise its officers." *See Roberts*, 2015 WL 4550783, at *3. Here, however, as noted, plaintiff "has agreed to the dismissal of the training and supervision portion of the negligence count." (*See* Pl.'s Opp. to Def.'s Mot. Dismiss at 12).