UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ZION HUNTER,**
    **Plaintiff**

**v.**

**EDDY CHRISPIN, et al.**
    **Defendants**

Civil Action No. 1:22-cv-10549-FDS

**PLAINTIFF, ZION HUNTER'S MOTION FOR SEPARATE AND FINAL JUDGMENT AS TO COUNT 1 AGAINST THE CITY OF BOSTON PURSUANT TO FRCP 54(B)**

Now comes the Plaintiff, Zion Hunter and moves that this honorable court enter separate and final judgment in the above action pursuant to FRCP 54(b) as to Count 1 of the Complaint against the City of Boston as there is no just reason for delay. The purpose of FRCP 54(b) is to permit the party aggrieved by a partial determination to appeal immediately and to help prevent duplicative litigation. *Shamley v. ITT Corp.,* 869 F.2d 167 (2nd Cir. 1989)  Plaintiff, Zion Hunter intends to appeal the 12(B)(6) dismissal of Count 1 of his Complaint to the First Circuit Court of Appeals to seek reversal and to permit all Counts to be tried together in a single proceeding.

## PROCEDURAL HISTORY

1. On March 28, 2022, the Plaintiff filed a Complaint in the Suffolk Superior Court with Counts for negligence against the City of Boston and the Commonwealth of Massachusetts and Counts for assault and battery and excess force under 42 U.S.C. Section 1983 against the two named police officers.

2. On April 13, 2022, the City of Boston and the Defendant, Chrispin filed a Notice of Removal to the U.S. District Court of Massachusetts, and removal was effected.

3. On June 8, 2022, the action against the Commonwealth of Massachusetts was remanded to the Suffolk Superior Court.

4. On June 21, 2022, the City of Boston filed a 12(B)(6) Motion To Dismiss the negligence claim against the City of Boston.

5. The motion was not acted upon and the case was unable to proceed for eight (8) months until this Court entered an order dismissing the Count I negligence claim against the City of Boston on February 21, 2023.

## THERE IS NO JUST REASON FOR DELAY IN ENTRY OF SEPARATE AND FINAL JUDGMENT ON COUNT I NEGLIGENCE AGAINST THE CITY OF BOSTON

Given the procedural history of the case, discovery has only just begun. Depositions and fact discovery are not due to be completed until December 11, 2023 and the deadline for dispositive motions in not until February 9, 2024.

Allowance of this motion will allow ample time for the U.S. Court of Appeals to determine whether to reverse the district court's dismissal and allow the negligence case to proceed together with the other claims in a single trial.

Informal discovery and Initial Disclosures have revealed more than ten (10) City of Boston and Massachusetts State Police officers at the incident scene. Additional supervisors also have discoverable information. There were more than ten (10) percipient witnesses at the accident scene who are being sought out for deposition and to be witnesses at trial.

Considerable resources and effort will be required to bring all parties, witnesses, documentary, video and other evidence to bear at the trial of this action.

That same police and non-police witnesses, demonstrative evidence, plaintiff, special and compensatory damages, City and Commonwealth witnesses, dispatch and radio communications, vehicle damage, description of incident, scene, pursuit and collision, et al. would have to be

surmounted and reproduced yet again, involving considerable loss of time and resources to all involved as well as to the judiciary for another trial of the negligence claim.

It is in the interests of justice to permit the Court of Appeals to decide this matter with time sufficient to allow one trial of all matters involving the City of Boston and its officer in a single judicial proceeding and trial.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court enter separate and final judgment against as to Count I against the City of Boston.

Respectfully submitted,

/s/  Joseph C. Borsellino

_____
Joseph C. Borsellino, Esq.
Law Office of Joseph C. Borsellino, LLC
515 Providence Highways, Suite 103
Dedham, MA 02026
BBO # 551192
joe@d-blaw.com

Dated:  May 11, 2023

**RULE 7.1 CERTIFICATION**

I, Joseph C. Borsellino, Esq. certify that I consulted with counsel for the defendants, by telephone and electronic communications, from May 8 – May 11, 2023, including by telephone on May 11, 2023 in advance of the filing of this motion in an attempt to attain assent to the motion or other agreement.  The Defendant, Berry indicated that he neither assented nor opposed the motion.  The Defendant, Chrispin indicated that he did not assent to the motion but may oppose it.

Signed under the pains and penalties of perjury this 11th day of May, 2023.


/s/  Joseph C. Borsellino

_____

Joseph C. Borsellino

# CERTIFICATE OF SERVICE

I, Joseph C. Borsellino, certify that I gave notice of MOTION FOR SEPARATE AND FINAL JUDGMENT PURSUANT TO FRCP 54(B) AS TO COUNT 1 AGAINST THE CITY OF BOSTON to the defendants, Eddy Chrispin and Brian Berry, by their attorneys to:

Mark Russell and Daniel Moynihan, Esq.
Law Office of Daniel Moynihan
Counsel for the Defendant, Berry
271 Main Street, Suite 302
Stoneham, MA 02180
Attyrussell.moynihanlaw@gmail.com

Bridget I. Davidson, Esq.
Elizabeth Bostwick, Esq.
Assistant Corporation Counsel
City of Boston Law Department
Counsel for Eddy Chrispin
City Hall, Room 615
Boston, MA 02201
Bridget.davidson@boston.gov

        _/Joseph C. Borsellino /__

        Joseph C. Borsellino, Esq.

Dated: May 11, 2023